IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROCK CREEK CAPITAL, LLC  :
a/k/a Rock Creek  :

v.  :  Civil Action No. DKC 24-284

JESSE E. JOHNSON, et al.  :

**ORDER TO SHOW CAUSE**

A notice of removal was filed by Defendant Jesse E. Johnson[1] on January 29, 2024. (ECF No. 1). The notice indicates that Plaintiff commenced a breach of contract/student debt collection action in the District Court of Maryland for Prince George's County as case numbered 05-02-0012256-2022. Defendant Johnson justifies removal to this court because "Debt buyer or debt collector cases often involve complex legal and factual issues, including questions regarding compliance with federal debt collection laws such as the Fair Debt Collection Practices Act (FDCPA)."

"[T]he general rule that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* applies equally in removal cases." *Liberty Mut. Ins. Co. v. Ward Trucking Corp.,* 48 F.3d 742, 750 (3d Cir. 1995); see 28 U.S.C. § 1447(c) ("If at any

---

[1] Co-defendant Alize Wells has not joined the removal and is otherwise not mentioned.

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004). A defendant may remove a case from state court to federal court if the federal court would have had original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). In his notice of removal, Defendant Johnson alludes that the federal question basis for this court's jurisdiction is under the Fair Debt Collection Practices Act (FDCPA). Usually, the federal question serving as the basis for jurisdiction must appear on the face of the complaint. *See Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840 (referring to this standard as the "well-pleaded complaint" rule). An asserted federal defense is not sufficient.

Accordingly, it is this 31st day of January, 2024, by the United States District Court for the District of Maryland, ORDERED that:

1. No later than February 14, 2024, removing Defendant must show cause why this case should not be remanded to the District Court of Maryland for Prince George's County; and

2.   The Clerk will mail a copy of this Order to Defendant Johnson and a copy of this Order and the removal notice to Plaintiff's counsel, Tracy Kissler.

>                         /s/
>          DEBORAH K. CHASANOW
>          United States District Judge