```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

ROCK CREEK CAPITAL, LLC        :
a/k/a Rock Creek               :
                               :
    v.                         :   Civil Action No. DKC 24-284
                               :
JESSE E. JOHNSON, et al.       :
                               :

**MEMORANDUM OPINION**

The court issued an Order on January 31, 2024, directing Defendant Jesse Johnson to show cause why this case should not be remanded to the District Court of Maryland for Prince George's County, Maryland.  (ECF No. 9).  Defendant Johnson filed a response to the court's order to show cause on February 2, 2024.  (ECF No. 10).  For the following reasons, the parties will be directed to brief further the question of federal jurisdiction.

**I.   Background**

Plaintiff's complaint alleges that Defendant Alize Wells took out a student loan from Sallie Mae Bank a/k/a Sallie Mae on February 23, 2017.  Her father, Defendant Jesse E. Johnson, co-signed the loan.  Plaintiff purchased this and other loans from Sallie Mae on October 15, 2020.  (ECF No. 2-3, p. 1).  At the time Plaintiff purchased this loan from Sallie Mae, Defendants allegedly owed $5,450.73.  (ECF Nos. 2-4, pp. 3-5).  Defendants assert that Plaintiff filed a complaint in the District Court of

Maryland for Prince George's County on June 3, 2020[1], under Case No. 05-00002-0012256-2022, alleging that $5,671.58 is due and owing on the loan.  Defendant Johnson removed the action to this court on January 29, 2024, asserting federal question jurisdiction and citing the Fair Debt Collections Practices Act ("FDCPA").

**II.  Standard of Review**

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  The court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court."  *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

The removal statute provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

---

[1] The state court docket reflects a filing date of June 14, 2022.

2

> United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see also In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question").

**III. Analysis**

In the removal notice and in his response to the court's show cause order, Defendant Johnson cites the Fair Debt Collection Practices Act ("FDCPA") and asserts "that federal law takes precedence over state law in matters of debt collection.  Removal to federal court ensures access to federal rights and remedies provided under laws such as to the FDCPA, which may not be as readily available or enforced in state court proceedings."  (ECF No. 10, p. 2).

3

In determining the propriety of removal, however, courts generally look to the face of the underlying pleading. *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F. 4th 271, 279 (4th Cir. 2022). The face of the complaint must assert a claim directly created by federal law, except in two very narrow circumstances, not presented here. The complaint here cites no federal claims. Moreover, any defensive claims Defendant Johnson may wish to present cannot provide a basis for removal jurisdiction. *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d at 584 ("A defendant may not defend his way into federal court because a federal defense does not create a federal question under § 1331."). Thus, the case cannot be sustained in this court on the basis of federal question jurisdiction.

Defendant Johnson adds in his response the court's order to show cause that this court also has diversity jurisdiction because "all defendants served on the defendant's side of the controversy are citizens of different states from all parties on the opposing side." An entity such as the LLC here is a citizen of every state in which any of its members is a citizen. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). The removing parties have not identified those members or their states of citizenship and the conclusory assertion that there is diversity is insufficient.

Moreover, a Maryland citizen is ordinarily not permitted to remove an action based on diversity of citizenship.  28 U.S.C. § 1441(b)(2) provides:

> A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Thus, Defendant Johnson's Maryland citizenship precludes removal, if Plaintiff raises the issue and moves to remand timely (within 30 days of removal), even if the parties are diverse.  The attorney who represented Plaintiff in state court is not currently a member of the bar of this court and has been notified of the removal of this action by letter.

**IV. Conclusion**

For the foregoing reasons, the parties will be directed to brief further the question of federal jurisdiction.  Removing defendant must supplement the removal notice with specific information demonstrating the citizenship of the members of Rock Creek Capital LLC, and, if Plaintiff challenges removal, it must file a motion to remand.  A separate order will follow.

```
                              /s/
        DEBORAH K. CHASANOW
        United States District Judge
```