MARYLAND:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Rock Creek Capital, LLC, aka Rock Creek,<br>　　　　Plaintiff,<br>v.<br><br>Jesse E. Johnson, *et al.*<br>　　　　Defendant. | Case No. DKC 24-284 |

<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND</u>

　　Plaintiff, Rock Creek Capital, LLC, by and through counsel, pursuant to Local Rule 105, hereby submits this Memorandum of Law in Support of its Motion for Remand, and states as follows:

**<u>STATEMENT OF THE CASE</u>**

　　This Motion to Remand is before the Court following Defendant's Notice of Removal of this case from the District Court for Prince George's County, Maryland.

　　Plaintiff initially filed this action on June 14, 2022, claiming damages as the result of Defendant's breach of a student loan contract originally issued to the Defendant by Sallie Mae. Defendant Johnson removed this action to the United States District Court for the District of Maryland on January 29, 2024, asserting federal question jurisdiction allegedly arising through the Fair Debt Collection Practices Act. No federal question has been raised in this case, and diversity of citizenship does not, in this instance, provide a basis for removal. Accordingly, Plaintiff has filed its Motion for Remand, for which this Memorandum is filed in support.

**<u>ARGUMENT</u>**

　　Plaintiff has raised no federal claims in its Complaint, and it appears that no federal claims have been, or could be, brought by or against any of the parties to this action. Moreover, and as stated by this Court in its February 6, 2024, Memorandum Opinion, any defensive claims that Defendant Johnson may wish to present cannot provide a basis for removal jurisdiction. *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d at 584 ("A defendant may not defend his way into federal court

because a federal defense does not create a federal question under § 1331."). Thus, the case cannot be sustained in this court on the basis of federal question jurisdiction.

The only other basis for removal to this Court would be diversity of citizenship; however, Defendant Johnson is, by his own admission, a citizen of the State of Maryland, and Johnson's Maryland citizenship precludes such removal. 28 U.S.C. § 1441(b)(2) provides:

> A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*28 U.S.C. § 1441(b)(2).*

Inasmuch as the Defendant has attempted to remove this matter to federal court without any basis in law or in fact, Plaintiff is entitled to recovery of attorney fees pursuant to 28 U.S.C. § 1441(c).

## **CONCLUSION**

The Removal filed by the Defendant was improper. None of the asserted grounds for removal were satisfactory to prevent a Maryland State Court from exercising jurisdiction over this claim, or to grant this Court jurisdiction over this claim. Therefore, Plaintiff's Motion for Remand should be granted, the case should be returned to the District Court for Prince George's County, Maryland, and this Court should award Plaintiff its attorney fees incurred in connection with the Defendant's Notice of Removal and the filing of this Motion for Remand.

February 10, 2024

Respectfully submitted,
Rock Creek Capital, LLC, aka Rock Creek,
By Counsel

/s/ Kevin M. Fitzpatrick_____
Kevin M. Fitzpatrick, Esquire (Md. Bar #11843)
LEGUMFITZPATRICK, PLC
4004 Williamsburg Court
Fairfax, Virginia 22032
Kevin@LegumFitz.com