IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND

ROCK CREEK CAPITAL, LLC              :
a/k/a Rock Creek                     :
                                     :
    v.                               :   Civil Action No. DKC 24-284
                                     :
JESSE E. JOHNSON, et al.             :
                                     :

**MEMORANDUM OPINION**

Defendant Jesse Johnson removed this student loan debt collection action from the District Court of Maryland for Prince George's County on January 29, 2024. (ECF No. 1). Mr. Johnson grounded the removal, in part, on an argument that removal would ensure the parties' access to federal rights and remedies provided under laws such as to the Fair Debt Collection Practices Act ("FDCPA").

Plaintiff moved to remand contending that no federal claims were raised in the complaint and that Mr. Johnson's Maryland citizenship precludes removal based on diversity jurisdiction. (ECF No. 19). Mr. Johnson opposes remand and argues that federal law should be applied in this case or, alternatively, that diversity of citizenship confers jurisdiction on this court as Plaintiff and defendants are citizens of different states. (ECF No. 21).

Plaintiff filed a complaint in the District Court of Maryland for Prince George's County on June 14, 2022, alleging that $5,671.58 is due and owing on a student loan borrowed by Defendant Alize Wells and guaranteed by her father and co-Defendant Jesse E. Johnson.  Mr. Johnson was served with a copy of Plaintiff's complaint on December 30, 2023, and removed the action to this court on January 29, 2024.  Defendant Wells has not been served.

The court, noting that federal jurisdiction was not clearly evident on the face of Plaintiff's complaint, issued a show cause order on January 31, 2024, directing Mr. Johnson to show cause why the case should not be remanded. (ECF No. 9).  Mr. Johnson responded on February 2, 2024, asserting both federal question jurisdiction and diversity jurisdiction.  (ECF No. 10).

Because an LLC is a citizen of every state in which its members are a citizen for diversity jurisdiction purposes, the court issued a memorandum opinion and order on February 6, 2024, directing Mr. Johnson, as removing defendant, to supplement the notice of removal with information on the citizenship of Plaintiff's members.  (ECF Nos. 14, 15).  On February 7, 2024, Mr. Johnson submitted a Texas franchise tax public information report indicating that Plaintiff has two members – a Texas resident and Florida resident.  (ECF No. 16).  He also filed a supplemental response on February 12, 2024, suggesting that federal

2

jurisdiction also exists under the Complete Preemption Doctrine and the Substantial Federal Question Doctrine. (ECF No. 20).

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants." Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship must exist to satisfy § 1332's diversity requirement. A Maryland citizen is ordinarily not permitted to remove an action based on diversity of citizenship. 28 U.S.C. § 1441(b)(2) provides:

> A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see*

*also In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question"). The face of the complaint must assert a claim directly created by federal law. *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F. 4th 271, 279 (4th Cir. 2022).

Federal law does not create Plaintiff's cause of action and diversity jurisdiction is prohibited because Plaintiff seeks less than $75,000 and Mr. Johnson is a Maryland citizen. Thus, this case was improperly removed on the basis either of `federal question jurisdiction or diversity jurisdiction. Accordingly, this action will be remanded to the District Court of Maryland for Prince George's County.

Under 28 U.S.C. § 1447(c), a remand order may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal. The standard turns on reasonableness of the removal: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Mr. Johnson is proceeding pro se, Plaintiff has not identified any attorney's fees or recoverable costs and the court declines to award fees or costs.

4

For the foregoing reasons, Plaintiff's motion to remand will be granted without the award of attorneys' fees and this action will be remanded to the District Court of Maryland for Prince George's County.  A separate order will follow.

```
                           /s/
         _____
         DEBORAH K. CHASANOW
         United States District Judge
```